UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SURGEFORCE LLC,**

    **Plaintiff,**

v.                                            **Civil Action 2:24-cv-776**
                                                         **Judge Edmund A. Sargus, Jr.**
                                                         **Magistrate Judge Chelsey M. Vascura**

**ROGELIO ALONSO,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on non-party Onin Staffing, LLC's Verified Motion to Quash (ECF No. 21). Therein, Onin seeks to quash a single document request contained in a subpoena issued to it by Plaintiff, Surgeforce LLC, seeking (among other things) a forensic image of the hard drive of the computer used by Defendant, Rogelio Alonso, in his employment with Onin.[1] Onin contends that Request 12 for production of a forensic image of Defendant's computer is "facially overbroad, asks for confidential commercial information belonging to Onin, would place an undue burden on Onin, and is not proportional to the needs of the case." (Mot. 3, ECF No. 21.)

Plaintiff contends that the computer image is relevant and proportional because the case centers on Defendant's alleged misappropriation of Plaintiff's trade secrets and breach of his

---

[1] Onin originally also objected to two other document requests in the subpoena, but Plaintiff represents that Plaintiff and Onin have conferred and resolved those objections. (Pl.'s Mem. in Opp. 2, ECF No. 27.) Accordingly, only the forensic image of Defendant's computer remains at issue.

employment agreement with Plaintiff, and because Defendant now works for Onin, a competitor of Plaintiff, "Alonso's daily responsibilities, use of information, and competitive activities at Onin" are relevant to the claims and defenses in the case. (Pl.'s Mem. in Opp'n 1, ECF No. 27.) Plaintiff also contends that it is Onin's burden to demonstrate that a subpoena request should be quashed, and that Onin has not done so. (*Id.* at 2.)

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(iv). "Undue burden is to be assessed in a case-specific manner considering such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (cleaned up). "Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *Id.* (cleaned up).

Moreover, although some courts have held that the party seeking to quash the subpoena bears the ultimate burden of proof, *e.g.*, *Rowley v. City of New Bedford*, No. 3:23-mc-3, 2023 WL 3012578, at *2 (W.D. Ky. Apr. 19, 2023) (citing *Hendricks*, 275 F.R.D. at 253), the same courts have also held that "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Hendricks*, 275 F.R.D. at 253 (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

Regardless of who bears the burden of persuasion, the Court finds that Plaintiff's request for a forensic image of the entire hard drive of the computer used by Defendant in his work for Onin is facially overbroad. Seeking the entire contents of a work computer hard drive is akin to

2

requesting every document kept in an individual's office—it describes a *source* of documents, not a category of relevant documents that the requesting party seeks to discover. *See, e.g., Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it (1) uses an omnibus term and (2) applies to a general category or group of documents or a broad range of information.") (cleaned up). Defendant's hard drive may well contain relevant documents, but it also undoubtedly contains irrelevant documents to which Plaintiff is not entitled, as it is exceedingly unlikely that the entirety of Defendant's work for Onin overlaps perfectly with the issues in this case.

Although the subpoena in question has not been entered into the record, it apparently contained 19 documents requests in addition to the request to image Defendant's hard drive. Presumably those requests describe the type of documents Plaintiff is seeking with reasonable particularity rather than merely specifying a location where relevant documents might be found. Should documents responsive to those other requests be found on Defendant's hard drive, then they should be produced absent a valid objection. Similarly, Plaintiff remains free to issue another subpoena that describes the types of relevant documents that it believes are located on Defendant's hard drive. But a request for the entirety of Defendant's hard drive is facially overbroad and Onin need not respond to it.

For these reasons, Onin's Motion to Quash (ECF No. 21) is **GRANTED IN PART** as to the requested forensic image of the computer Defendant uses in his work for Onin. The balance of Onin's Motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE